**3**

Brian H. Tran, Esq.
California Bar No. 255577
MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144
File No. 11-04501

Attorneys for Secured Creditor,
BANK OF AMERICA, N.A.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE:<br><br>JOANNE M. VONDRACEK,<br><br>DEBTOR. | Case No.: 11-44032 E-13<br>Chapter 13<br>DC No. MW-5<br><br>**Confirmation Hearing –**<br>Date: December 20, 2011<br>Time: 02:00 P.M.<br>Place: U.S. BANKRUPTCY COURT<br>501 I Street<br>Sacramento, CA 95814<br>Courtroom 33, Dept. E, 6th Floor |

## OPPOSITION TO MOTION TO CONFIRM PLAN

BANK OF AMERICA, N.A., Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Opposition to Motion to Confirm Plan proposed by Debtor:

This Secured Creditor holds the Trust Deed on the Debtor's property generally described as **6323 Forest Lane, Paradise, CA 95939** and legally described as:

SEE LEGAL DESCRIPTION ATTACHED HERETO AS **EXHIBIT "1"** AND MADE A PART HEREOF.

FILED
November 16, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003905287

1    Secured Creditor is the payee of a promissory Note dated March 30, 2006, in the
principal amount of $183,200.00, which is secured by the above-referenced Deed of Trust. A copy of said Note and Deed of Trust are attached hereto as **Exhibits "2" and "3"**.

As of October 6, 2011, the amount in default was $58,175.88, representing monthly payments and late charges due from June 1, 2008 through October 1, 2011; advances for taxes and insurance, if any; and foreclosure costs and attorneys' fees incurred with respect to the default.

Section 1325 of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 Plan. Among other things, the Court must make a finding that the plan is feasible as a condition to confirmation.

Here the Debtor has listed on Schedule I one primary sources of income from which he intends to fund the plan – regular income from Self employment in the amount $5,500.00.

The Plan all together fails to provide for Secured Creditor's claim and on going post petition payments. To cure the actual pre-petition arrearages within 60 months, Secured Creditor must receive $969.60 per month from the Debtor through the Plan.

The proposed Chapter 13 Plan is not feasible. Therefore, the Plan cannot be confirmed. 11 U.S.C. §1325(a)(6). Attached hereto as **Exhibits "4" and "5"** are Debtor's Schedule I – Income and Schedule J – Expenses, indicating that Debtor has excess income of only $2,400.00 per month. The payment to Secured Creditor alone through Debtor's Chapter 13 Plan must be $969.60 per month.

## CONCLUSION

Any Chapter 13 Plan proposed by Debtor must provide for Secured Creditor's claim and eliminate the Opposition specified above in order to be reasonable and to comply with applicable

///

provisions of the Bankruptcy Code. It is respectfully requested that confirmation of the Debtor's proposed Chapter 13 Plan be denied and the case be dismissed.

WHEREFORE, Secured Creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) For dismissal of the Chapter 13 proceeding.

(3) For such other relief as this Court deems proper.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: 11/16/11   By: _____
Brian H. Tran, Esq.
Attorney for Movant