Philip J. Rhodes, SBN 161537
PHIL RHODES LAW CORPORATION
P.O. Box 2911
Fair Oaks, CA 95628
(916) 612-4399
(916) 720-0403 fax
pjrhodes@philrhodeslaw.com

Attorney for Tri Counties Bank

FILED
November 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003916009

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

JOANNE VONDRACEK

Debtor.

Case No. 11-44032-E-13C

DCNo. MWB-4

OPPOSITION TO MOTION TO VALUE

Date: December 6, 2011
Time: 2:00 p.m.
Judge: Ronald Sargis
Place: Courtroom 33
       501 "I" Street
       Sacramento, CA 95814

## INTRODUCTION

Tri Counties Bank is a secured party in this bankruptcy case. Tri Counties Bank holds a consensual junior lien against the debtor's real property.

The debtors own real property commonly known as 5810 Fickett Lane, Paradise, CA 95969. Debtors' Declaration, ¶ 3. The debtors have senior, or unavoidable liens against the property of $116,000.00. Debtors' Declaration, ¶ 5. The debtors assert that the property has a value as of the petition date of $100,000.00. Debtor's Declaration, ¶ 4. The debtors' testimony regarding value is not supported by any other evidence.

Tri Counties Bank holds a promissory note with an approximate balance of $41,000.00. Debtors' Declaration, ¶ 5; Request for Judicial Notice, Exhibit B. The promissory note is secured

by a second priority deed of trust against the property. Debtors' Declaration, ¶ 5. Tri Counties Bank asserts that the property has a value of $158,000.00. Declaration of Russell Sunn, ¶ 2; Request for Judicial Notice, Exhibit A. Thus, based on Tri Counties Bank's asserted value, the property value exceeds the value of the first mortgage by $42,000.00.

## ARGUMENT

Pursuant to *In re Zimmer*, 313 F.3d 1220, 1227 (9th Cir. 2002), the issue in this motion is whether the second priority loan of Tri Counties Bank is wholly unsecured. Or, does, the value of the debtors' property exceed the value of all the liens senior to it in priority? If so, the debtor may treat the claim as a wholly unsecured claim in their Chapter 13 plan.

However, if the value of the debtors' property exceeds the value of all the liens senior in priority by even a small amount, the claim constitutes a secured claim. 11 U.S.C. § 506(a); *Id*. Then, the anti-modification provision of section 1322(b)(2) applies because the property is the debtor's residence.

Here, the debtors' property value of $158,000.00 exceeds the value of all liens senior in priority by $42,000.00. The liens senior in priority, according to the debtors' motion, total only $116,000.00. So, the second priority deed of trust of Tri Counties Bank is a secured claim, and section 1322(b)(2) prevents the debtors from modifying it.

WHEREFORE, the court should deny the debtor's motion to value the secured claim of Tri Counties Bank secured by the second deed of trust.

Dated: November 22, 2011

PHIL RHODES LAW CORPORATION

/s/ Philip J. Rhodes

———————————————
PHILIP J. RHODES
Attorney for Tri Counties Bank

-2-
OPPOSITION TO MOTION TO VALUE